# UNITED STATES DISTRICT COURT

for the

Middle District of NC

_____ Division

Brandon C. Dolk

)   Case No. _____
)
)        *(to be filled in by the Clerk's Office)*
*Plaintiff(s)*   )
*(Write the full name of each plaintiff who is filing this complaint.*   )
*If the names of all the plaintiffs cannot fit in the space above,*   )
*please write "see attached" in the space and attach an additional*   )
*page with the full list of names.)*   )
)
**-v-**   )
)
"see Attached"   )
)
)
)
*Defendant(s)*   )
*(Write the full name of each defendant who is being sued. If the*   )
*names of all the defendants cannot fit in the space above, please*   )
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

**FILED**
MAR 0 3 2022
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By _____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Page 1 of 11

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                              Brandon Chrishon Polk
All other names by which          BP
you have been known:
ID Number                         24140-057
Current Institution               McDowell FCI
Address                           P.O. Box 1009

| Welch | WV | 24801 |
|-------|-----|-------|
| *City* | *State* | *Zip Code* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name                              A. Aldridge, III
Job or Title *(if known)*         Detective
Shield Number                     N/A
Employer                          Albemarle Police Department
Address

| Albemarle | NC | 28001 |
|-----------|-----|-------|
| *City* | *State* | *Zip Code* |

☑ Individual capacity     ☑ Official capacity

Defendant No. 2
Name                              D. B. Evans
Job or Title *(if known)*         N/A
Shield Number                     N/A
Employer                          Albemarle Police Department
Address

| Albemarle | NC | 28001 |
|-----------|-----|-------|
| *City* | *State* | *Zip Code* |

☑ Individual capacity     ☑ Official capacity

Defendant No. 3
  Name: O.C. Harrington
  Job or Title *(if known)*: K-9 Holder
  Shield Number: N/A
  Employer: Albemarle Police Department
  Address:

| Albemarle | NC | 28001 |
|-----------|-----|-------|
| City | State | Zip Code |

☑ Individual capacity    ☑ Official capacity

Defendant No. 4
  Name: Jason T. Boilhorst
  Job or Title *(if known)*: Chief of Police
  Shield Number: N/A
  Employer: Albemarle Police Department
  Address:

| Albemarle | NC | 28001 |
|-----------|-----|-------|
| City | State | Zip Code |

☑ Individual capacity    ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

  ☐ Federal officials (a *Bivens* claim)

  ☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

  Wrongful arrest, Malicious Prosecution, Racial Profiling Equal Protection, Due Process, Cruel and Unusual Punishment

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"See Attached"

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☑ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

In Albemarle, NC on Corbin St and Carolina Avenue from a traffic stop.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

September 7th, 2018    around 11:00 A.M.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I got accused and gave a ticket for driving on the yellow lines by Det. A. Aldridge III and D.B. Evans. Det. A. Aldridge III called for a K-9 unit and officer O.C. Harrington came with the K-9 along with a white shirt officer in a seperate vehicle. Harrington and Aldridge III walked a K-9 around my suv, lied about it alerting to the white shirt officer. Searched my suv and after nothing was found the white shirt officer ordered them to release me due to being innocent. When he left they searched again and I got arrested

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I went to Jail and had to make a $2500 bond because they lied about finding Cocaine base drugs under my driver seat that weighted 0.1 grams. I had to pay a attorney $3000 to represent me and had to start back selling drugs to come up with the money, which only lead to more trouble.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Declare that the acts and omissions of the defendants violated Plaintiffs rights.

- Hold the defendants accountable for their actions
  Award the Plaintiff for nominal, punitive, and compensatory damages for injuries suffered that the Court find reasonable.
- Award the Plaintiff for financial losses, economic losses, attorney fees and other losses.
- Award Plaintiff any other relief that the Court find Just and Proper.

Case 1:22-cv-00174-TDS-JLW    Document 2    Filed 03/03/22    Page 5 of 26

**VII. Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.      If you did file a grievance:

1.   Where did you file the grievance?

_____

2.   What did you claim in your grievance?

_____

3.   What was the result, if any?

_____

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

N/A

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s) _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? No

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  2-28-22

| | |
|---|---|
| Signature of Plaintiff | *Brandon C. Polk* |
| Printed Name of Plaintiff | Brandon Chrishon Polk |
| Prison Identification # | 24140-057 |
| Prison Address | P.o. Box 1009 |
| | Welch     WV     24801 |
| | *City*     *State*     *Zip Code* |

### B. For Attorneys

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | *City*     *State*     *Zip Code* |
| Telephone Number | |
| E-mail Address | |

In the United States District Court
FoR The Middle District of NC

1983 Claim

Brandon C. Polk

   Plaintiff,

   V.

City of Albemarle
Mayor of Albemarle - Ronnie Michael,

Albemarle Police Department
Chief of Police - Jason T. Bailhorst,
Chief of Police - Danny Bowen,
White Shirt officer - John Doe,
Det. A. Aldridge III, Officer D.B. Evans, and
officer O.C. Harrington (k-9 Holder), in their individual
and official capacities.

   Defendants,

Complaint                                                2

On September 7th 2018 around 11:00 A.M., I was driving down Carolina Avenue in my Teal color 1995 Surburban. I turned right into a driveway that was one house away from Wiscassett St. and a tall white male came from behind the house. I asked him if a girl named Tiffany was there who use to stay there before I was sent to prison in 2016 and he said that I was at the wrong house. While I was backing out of the driveway and into the road to leave I heard somebody yelling and turned my radio down to see where it was coming from. I saw a girl I know named Tia standing on her porch yelling and waving her arms in my direction. I pulled over to the side of the road to see what was going on and she said that she was trying to tell me not to be going over her neighbors house because the Police had been watching their house from a parking lot next door to her house due to drug activity but they had pulled off, and that I needed to get out of the rode because they had only been gone about 10 or 15 minutes and might end up coming back. While I was pulling off I heard her yelling that she could see them coming back. I looked in the mirror while I was going down Carolina Ave. and saw a jeep pulling up to a stop sign across from the Pizza Hut on Hwy 52 and Carolina Avenue. They took a left turn on Carolina Ave, and sped up in my direction. When I came up on Corbin St I signaled to

make a right turn. While I was in the middle of my turn I was blue lighted. I pulled all the way down Corbin st past the last house on the rode to where I could be seen by the cars passing by on Hwy 52. When I stopped got parked on the side of the rode, I saw Det. Aldridge III step out from the passenger side of the Jeep with a gun in his hand while officer Evans stayed in the Jeep. He walked up to my driver side window and pointed his gun in my face and yelled "TURN THE FUCKING CAR OFF." I asked him why I had got pulled over and he said that I had crossed over the yellow lines and asked for my license. He called in my license and requested for a k-9 unit to come out and search over the radio before walking back to the Jeep with Officer Evans. After a few minutes he came back to my SUV and was accusing me of swallowing drugs whenever I had turned onto Corbin st. Det. Aldridge III asked me to step out and gave me a pat search his self. Nothing was found during the search but he had Officer Evans to come and put me in handcuffs. While I was being put in handcuffs I made it known to both officer's that I didn't want them to search my vehicle since I had got pulled for a traffic ticket. Det. Aldridge III ignored my request and started searching around the front area of my SUV. While he was in the middle of searching around the glove compartment my friend Tia and a black male that I know came through in seperate cars to see if I was alright.

Det. Aldridge, III came out of my SUV and told them to keep going and if they came back down that road that they was going to jail. After they left he went back in my Surburban and opened the center console, while he was going through it 2 seperate Albemarle Police vehicles were pulling up coming from Hwy 52. Both vehicles had visable logos around them. In the front was a K-9 unit drove by officer Herrington and the other one was a white charger with black tinted windows that was drove by a White shirt officer. The 2 officer's parked across from my surburban and Det. Aldridge, III came from the Surburban and walked over to speak to them. I heard him telling the white shirt officer and officer Harrington that he saw me put some drugs in my mouth when I got blue lighted turning onto Corbin st, and that he wanted to search with the k-9. I asked "how you figure that I put drugs in my mouth and you in a whole nother car. He turned around and told me to "SHUT THE HeII up." Officer Harrington and Det. Aldridge, III ended up walking the K-9 around my Surburban starting from the far right rear wheel area with officer Harrington holding the K-9. The white shirt officer stood outside of the white Charger to monitor the search, while officer Evans stood in front of the Jeep that he was driving, standing close to me. After walking around all 4 sides of the SUV the K-9 showed no signs that it alerted. Det. Aldridge III walked over to the white shirt officer and

said that the dog alerted on the far right side and they was going in to search. I walked over to the White shirt officer still in handcuffs and said that the dog didn't alert and asked him how did the dog show that it alerted. He shrugged his shoulders and told me to just let them go ahead and search. Officer Harrington and Det. Aldridge III went into my SUV with the K-9 from the far right rear passenger door. The entire search lasted about 5 minutes. Once they finished searching and nothing was found they came out of my Surburban. The white shirt officer got back in the white Charger to leave. I walked over to him and told him I didn't feel safe being left alone with the other officer's and asked him not to leave until they let me go. He acknowledged that nothing was found and said that they was going to let me go free but he had to go. Then he gave officer Evans a order to come and take the handcuffs off of me. Once Officer Evans took the handcuffs off of me, the White shirt officer started the car and pulled off going up Corbin St. As soon as he got to where we couldn't see him no more Det. Aldridge, III told the other 2 officer's that he wanted to search again. He grabbed the K-9 lesh from officer Harrington and lead the dog to the far right side of the truck with Officer Harrington walking behind him. At that time I was standing in the middle of the rode and officer Evans stood in front of the jeep he was driving to watch them while they searched. He never said anything

about the white shirt officer having him take off the handcuffs to the other two officer's. After about 3 minutes they came out and Det. Aldridge,III was walking towards Officer Evans with his hand out flat and said that he found cocaine under the driver seat. I took a step forward and asked to see what he had in his hand and closed his hand and said that he didn't have to show me shit. He told officer Evans to come over and put me in handcuffs again and he did. They searched me again and took about $200 out of my pants pockets. A tow truck was called to come out and tow my suv. While we was waiting for a tow truck Det. Aldridge,III told officer Evans that he needed him to make out the police report. After my surburban got towed I was took to jail and gave a $2500 bond for possession of Cocaine. I ended up making bond about 30 minutes later.

Due to this situation I had many problems other than being arrested. I had to pay about $150 to get my suv from the tow service. I had to get a attorney to represent me for the drug charge and traffic ticket that charged me $3,000. I started back selling drugs to come up with money to make payments to my attorney that only cost me to get in more trouble and get more charges. I developed a sense of fear, lack of trust, and paranoia for police and people with authority. When I got blue lighted and I didn't feel like I did anything to get

pulled over I would Flee and Elude the police instead of
pulling over if I didn't feel safe. On 11/1/2019 I was
arrested for charges that involved Det. Aldridge, III and
while I was in the Stanly County Jail I recieved my
discovery for the charges on 9-7-2018. The police report
was made by officer Evans and nothing in the discovery
mentioned anything about the white shirt officer or the search
that happened while he was present.

These charges was dismissed on 2-26-21 in my favor
due to me being indicted for Federal charges for my arrest
on 11-1-2019 which was a case that involved Det. Aldridge, III
that was missing evidence of recorded phone conversations
between myself and Det. Aldridge, III that would have proved
my innocense as well.

## — Jurisdiction —

— Jurisdiction is proper in this Court of the United States District Court for the Middle District of North Carolina pursuant to 18 U.S.C. 3231 and 18 U.S.C 1331.

## — VENUE —

— Venue is Proper in the Court of the United States District Court for the Middle District of North Carolina.

## Parties

1) Plaintiff Brandon C. Polk, was a citizen of the City of Albemarle, NC in 2018 at the time of the described incident in the complaint, after being released from Federal Prison and off of probation in 2018.

2) Defendant A. Aldridge, III, is a officer employed with the Albemarle Police Department and works as a detective. His actions is described in the complaint. He is being sued in his individual and official capacity.

3) Defendant D.B. Evans is a officer employed with the Albemarle Police Department in Albemarle NC. His actions is described in the complaint. He is being sued in his individual and official capacity.

4) Defendant O.C. Harrington is a officer employed with the Albemarle Police Department. He is employed as a K-9 holder in Albemarle, NC. His actions is described in the complaint. He is being sued in his individual and official capacity.

5) Defendant John Doe is a officer with the Albemarle Police Department in Albemarle, NC. His name is unknown to the Plaintiff. He is described in the complaint as the white shirt officer and is

a supervising officer with the Albemarle Police Department. He is being sued in his individual and official capacity.

6) Defendant Danny Bowen is a officer with the Albemarle Police Department in Albemarle, NC. He was employed as the Chief of Police in 2018 at the time of the incident described in the complaint and is responsible for the actions of the staff at the Albemarle Police Department. He is being sued in his individual and official capacity.

7) Defendant Jason T. Boilhorst is a officer with the Albemarle Police Department in Albemarle, NC. He is employed as the current Chief of Police. He is responsible for the actions and activity of the staff at the Albemarle Police Department. He is being sued in his individual and official capacity.

8) Defendant Ronnie Michael is employed as the Mayor of the City of Albemarle in Albemarle, NC. He is responsible for all activity and actions off the staff members with the Albemarle Police Department. He is sued in his individual and official capacities.

9) All defendants are to be sued in their individual and official capacities.

## Claims

1) Fourth Amendment Violation - Wrongful Arrest

Defendants: A. Aldridge, III, D.B. Evans, and O.C. Harrington Knowingly, willfully, and intentionally violated plaintiffs rights by wrongfully arresting and using wrongful acts towards him after being ordered to release him by a superior officer who was well aware of plaintiffs innocence, in violation of Federal Law under the 4th Amendment of the U.S.C. and NC Law.

2) Fourth Amendment Violation - Malicious Prosecution

Defendants A. Aldridge, III, D.B. Evans, and O.C. Harrington Knowingly, willfully, and intentionally violated Plaintiffs rights under the 4th Amendment of the U.S.C. by participating in the wrongful acts against Mr. Polk after being well aware of his innocence and continued to prosecute him. in violation of Federal Law under the 4th Amendment of the U.S.C. and NC Law.

3) State Violation - Negligence

Defendants A. Aldridge, III, D.B. Evans, O.C. Harrington and John Doe Knowingly, willfully, and intentionally Violated plaintiffs rights by using Negligent Conduct towards him with wrongful acts that was careless and wreckless to arrest him in violation of NC Law.

4) Eighth Amendment Violation- Cruel and Unusual Punishment

Defendants A. Aldridge III , D.B. Evans , and O.C. Harrington knowingly, willfully, and intentionally violated Mr. Polks rights of Cruel and Unusual Punishment under the 8th Amendment of the U.S.C. by using wrongful acts to unlawfully arrest him as punishment that was extreme and outrageous after being well aware of his innocense in violation of the 8th Amendment of the U.S.C

5) Fourth Amendment Violation- Racial Profiling

Defendants A. Aldridge III , D.B. Evans, and O.C. Harrington knowingly, willfully, and intentionally violated Mr. Polks rights of racial Profiling under the 4th Amendment of the U.S.C. by profiling him and using unlawful acts against him during a traffic stop as described in the complaint in violation of the 4th Amendment of the U.S.C.

6) Fourteenth Amendment Violation - Due Process

Defendants A. Aldridge III , D.B. Evans, and O.C. Harrington knowingly, willfully, and intentionally violated Mr. Polks rights of Due Process under the 14th Amendment of the U.S.C. by with holding evidence from the prosecutor against the Plaintiff as described in the complaint in violation

of the 14th Amendment of the U.S.C.

7) Fourteenth Amendment Violation - Equal Protection

Defendants A. Aldridge, III, D.B. Evans, and O.C. Harrington knowingly, willfully, and intentionally violated Mr. Polks rights of Equal Protection under the 14th Amendment of the U.S.C. against him by using racial profiling during a traffic stop. Defendants intentionally failed to protect him and intentionally failed to treat him as a equal citizen of the United States, in violation of the 14th Amendment of the U.S.C.

8) State Violation - Intentional Emotional Distress

Defendants A. Aldridge, III, D.B. Evans, O.C. Harrington, John Doe, Ronnie Michael and Danny Bowen Knowingly willfully, and intentionally violated Plaintiffs rights of NC Law by causing Intentional Emotional Distress from using Wrongful acts against him that was extreme and outrageous causing the plaintiff financial losses, fear, paranoia along with other issues as described in the complaint in violation of NC Law.

WHEREFORE, I plaintiff Brandon C. Polk would like to be granted Relief for being violated of my United States Constitutional rights by my Defendants for the wrongful acts used against me stated in the complaint by:

- Declare that the acts and omissions of the defendants violated plaintiffs rights under Federal and state Laws.

- Hold the defendants accountable for their actions with reasonable punishment

- Award the plaintiff for financial losses, economic losses, attorney fees, and any other losses sustained

- Award the Plaintiff nominal, Punitive, and compensatory damages for injuries suffered. that the court find reasonable.

- Order that the defendants, their Co-workers, employees, and subordinates cease all wrongful acts against plaintiff and others

- Award the Plaintiff any other relief that the court find just and proper.

RESPECTFULLY SUBMITTED on Feb. 28th, 2022

Brandon C. Polk

Nothing in this complaint is made up or exaggerated and wrote to the best of my knowledge, and ability;

Beader C. Polk