IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANDON CHRISHON POLK,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      1:22CV174
                                  )
A. ALDRIDGE, III, et al.,         )
                                  )
            Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Brandon Chrishon Polk, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names several police officers and the police chief and mayor in Albemarle, North Carolina, as Defendants based on an allegedly unconstitutional stop, search, arrest and prosecution. Plaintiff seeks various forms of relief, including damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams,

490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

The application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context when determining whether an action is frivolous. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case for Plaintiff's § 1983 claims is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.

Here, the Complaint alleges that Defendants A. Aldridge, III, D.B. Evans, and O.C. Harrington, and a John Doe officer stopped Plaintiff's vehicle and searched it before arresting him based on a small amount of drugs they claimed to have found on the floor of his car. Plaintiff contends that the stop, search, and arrest were illegal and violated his federal constitutional rights. The problem is that events alleged in the Complaint occurred on September 7, 2018, well more than three years before Plaintiff signed his Complaint on February 28, 2022. He would also have known of the alleged events at the time they occurred. Therefore, his claims under § 1983 are barred by the statute of limitations to the extent they is based on those events.[2]

Plaintiff also sets out two state law claims alleging negligence and careless and reckless behavior leading to false arrest and intentional infliction of emotional distress. However, the statute of limitations for false imprisonment in North Carolina is three years. N.C. Gen. Stat. § 1-52(19). The statute of limitations for intentional infliction of emotional

---

[2] Plaintiff filed an earlier document which this Court treated as an action under § 1983 and dismissed for procedural reasons in case 1:21CV952. In that filing, he attempted raise the current claims and/or seek an extension of time to raise them. However, even if that attempt were treated as the operative filing for judging the statute of limitations, Plaintiff did not date it and send it to the Court until at least December 9, 2021, or after three-year statute of limitations already expired. Therefore, that filing has no impact on the outcome of the present action.

4

distress is one year. <u>Rouse v. Duke University</u>, 869 F. Supp. 2d 674, 680 (M.D.N.C. 2012) (stating that the statute of limitations for negligent and intentional infliction of emotional distress in North Carolina is three years). Plaintiff's Complaint was filed well outside of these time periods, which means that these claims are also barred by the applicable statute of limitations.

Additionally, Plaintiff seeks to name Albemarle Police Chief Jason T. Boilhorst and Albemarle Mayor Ronnie Michael as Defendants. However, he does so based solely on their positions as supervisors over other Defendants or the Albemarle Police Department. These claims fail because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009. Therefore, Plaintiff cannot name these Defendants under § 1983 based on their positions as supervisors.

Finally, one of Plaintiff's claims, a claim for malicious prosecution, does not appear to be barred by the statute of limitations. However, it fails for other reasons. Strictly speaking, a "malicious prosecution" claim does not exist under § 1983, but an analogous claim arises under the Fourth Amendment of the United States Constitution. <u>Snider v. Seung Lee</u>, 584 F.3d 193, 199 (4th Cir. 2009). For such a claim, Plaintiff must allege that Defendants continued to prosecute him after they knew or should have known of Plaintiff's innocence. He would also need to show that the charges against him terminated in his favor. <u>Miller v. Prince George's Cnty., Md</u>, 475 F.3d 621, 627 (4th Cir. 2007); <u>Brooks v.</u>

5

City of Winston Salem, 85 F.3d 178, 181-84 (4th Cir. 1996). The statute of limitations does not begin to run until after the favorable termination of the charges. Owens v. Baltimore City State's Attorneys Office, 767 F. 3d 379, 390 (4th Cir. 2014). Plaintiff alleges that Defendants Aldridge, Evans, and Harrington knew of his innocence and continued to prosecute him. However, Plaintiff also alleges that the charges were dropped in November of 2019 because he was indicted on separate federal charges stemming from a later arrest. "The 'favorable termination' requirement has been narrowly interpreted to encompass 'only terminations that indicate that the accused is innocent.'" Elkins v. Broome, 328 F. Supp. 2d 596 (M.D.N.C. 2004) (quoting Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir.1998)). Dropping a comparatively minor drug possession charge in state court because Plaintiff was indicted on more serious federal charges in no way indicates Plaintiff's innocence. Therefore, it is not a "favorable termination" and Plaintiff cannot state a claim for malicious prosecution. His Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $26.67. Failure to comply with this Order will lead to dismissal of the Complaint.

6

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $26.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state a claim upon which relief may be granted.

This, the 31st day of March, 2022.

Joe L. Webster
United States Magistrate Judge