IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANDON CHRISHON POLK,         )
                               )
         Plaintiff,            )
                               )
v.                             )         1:22CV174
                               )
A. ALDRIDGE, III, et al.,      )
                               )
         Defendant(s).         )

# ORDER

The Order and Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on March 31, 2022, was served on the parties in this action. Polk filed an objection to the Recommendation. (*See* Docket Entry 5.) Polk's filing appears to be an amended pleading. Even if the court were to consider the amended pleading, as to all claims except for malicious prosecution, the amendment does not cure the reasons for dismissal of the original complaint noted in the Recommendation and is thus futile. Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) ("A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss.").[1]

---

[1] It is noteworthy, not to mention unusual, that as alleged damages Polk admits to engaging in illegal drug sales: "I had to eventually start selling drugs to make payments to my attorney and it only cost [sic] me to get more charges." (Doc. 5 at 6.)

As to the malicious prosecution claim, however, Polk alleges in his complaint that his state criminal charges were dismissed "in my favor due to me being indicted for federal charges for my arrest on 11-1-2019" involving the same detective. (Doc. 2 at 18.) The Recommendation recommended dismissing Polk's claim because "[d]ropping a comparatively minor drug possession charge in state court because Plaintiff was indicted on more serious federal charges in no way indicates Plaintiff's innocence." (Doc. 3 at 6.) In reaching this conclusion, the Recommendation relied on a collection of cases which concluded that the "favorable termination" requirement encompassed "only terminations that indicate that the accused is innocent." (Id. (quoting Elkins v. Broome, 328 F. Supp. 2d 596 (M.D.N.C. 2004) (quoting Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998))).

Four days after the Recommendation was filed, the United States Supreme Court decided Thompson v. Clark, 142 S. Ct. 1332 (2022). The Supreme Court noted that some divergent case law required a malicious prosecution plaintiff to demonstrate a favorable termination of a criminal prosecution by showing "some affirmative indication of his innocence." Id. at 1336. The Recommendation was based on similar case law. However, the Supreme Court noted that other courts had concluded the only showing necessary for a malicious prosecution claim was that a prosecution "ended without a conviction." Id. at 1338. The question therefore

2

was whether a plaintiff needed to show an affirmative indication of innocence or simply that the prosecution did not end in a conviction.

Justice Kavanaugh, writing for the majority, concluded that "we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction." Id. at 1341. While Polk's charges were dropped allegedly because of a federal indictment, his prosecution on those charges nevertheless ended without a conviction.

Because the Magistrate Judge did not have the benefit of the Thompson decision at the time the Recommendation was issued, the court will recommit the matter to the Magistrate Judge for further consideration of the malicious prosecution claim in light of Thompson and a determination whether or not Polk's malicious prosecution claim is frivolous. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Having made a *de novo* determination of all matters to which objections were made, and reaching an independent determination in accord with the Recommendation except as to the claim for malicious prosecution, the court adopts the Recommendation in all parts except as to the dismissal of Polk's claim for malicious

3

prosecution, which will be returned to the Magistrate Judge for further consideration in light of Thompson.

IT IS THEREFORE ORDERED that, as to Polk's claim for malicious prosecution, the matter be returned to the Magistrate Judge for further consideration in light of Thompson, and that Polk's remaining claims be DISMISSED pursuant to 28 U.S.C. § 1915A, for being frivolous and for failing to state a claim upon which relief can be granted.

/s/   Thomas D. Schroeder
United States District Judge

April 26, 2022